IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOSE ORTANDO ANDINO**                                                 **PETITIONER**

**V.**                                     **CIVIL ACTION NO.: 3:15CV43-NBB-DAS**

**RAYMOND BYRD and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**       **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jose Ortando Andino for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has filed an objection to Respondents' motion. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

In April 2012, Andino was convicted for a felony DUI death in the Circuit Court of Tunica County, Mississippi, and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Mot. to Dismiss, Ex. A. He appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence on October 29, 2013. *Id.*, Ex. B (Cause No. 2012-KA-00917-COA); *see also Andino v. State*, 125 So. 3d 700 (Miss.Ct.App. 2013). Andino did not file a motion for rehearing.

Andino sought further relief from his conviction and sentence on December 11, 2014, when he signed an application seeking permission to proceed in the trial court on a motion for post-conviction relief and submitted the application to the Mississippi Supreme Court. Mot. to Dismiss, Ex. C. The State court denied Andino's application by Order signed on February 3,

2015. *Id.*, Ex. D. Andino thereafter sought relief in this Court. His federal habeas petition was received on March 16, 2015.

On June 8, 2015, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely. In his petition, Andino concedes that his petition was filed over a year after his judgment of conviction became final, but he argues that he is nonetheless entitled to a review of the merits of his claims, as he speaks only Spanish and could not file his petition until he obtained the assistance of a bilingual individual. *See* Pet. at 13.

## Discussion

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

2

diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

Andino claims that he is a native of Honduras who speaks only Spanish, and that the Mississippi Department of Corrections ("MDOC") legal assistance program fails to provide legal materials and forms in Spanish. He maintains that the legal assistance program employs no Spanish-speaking individuals, and that he had to wait for a bilingual person to arrive in prison before he could file his habeas petition. He claims that MDOC's failure to provide bilingual legal assistants and provide legal forms in other languages constitutes a state-created impediment that renders his petition timely under § 2244(d)(1)(B) (allowing the limitations date to run from the date on which the state-created impediment to filing an application is removed, provided that the impediment prevented the filing of the action).

In support of his contention that § 2244(d)(1)(B) applies to his case, Andino cites *Egerton v. Cockrell* for the proposition that an inadequate law library may be a state-created impediment for purposes of the statute. *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). *Egerton*, however, involved a case where legal materials were not made available to the petitioner, not a case where the petitioner could not read the materials that were available. *Id.* The Fifth Circuit has held that § 2244(d)(1)(B) is applicable only where the prisoner was prevented by State action from filing a petition in violation of constitutional or federal law. *Id.* at 436 (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Andino's inability to read

3

and write the English language was not created by the State, and he cannot rely on his English-language illiteracy to avail himself to a later "trigger" date under § 2244. *See Felder v. Johnson*, 204 F.3d 168, 172–73 (2000) (finding that ignorance of the law, illiteracy, etc. are not "on par with the conditions listed in § 2244(d)"); *see also Gutierrez-Ruiz v. Trani*, No. 09-1565, 378 F. App'x 797 (10th Cir. May 18, 2010) (finding the department of correction's failure to provide inmate with law books in Spanish is not a state-imposed impediment). Accordingly, § 2244(d)(1)(B) is inapplicable in this case based on Andino's inability to read or write English.

Rather, the Court finds that § 2244(d)(1)(A) applies in this case, and the Court will therefore calculate the statute of limitations from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When, as here, a petitioner fails to seek discretionary review in State court, he stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking further direct review in the state court expires." *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Andino stopped the appeal process by failing to seek rehearing in the Mississippi Court of Appeals within fourteen days of the date his conviction was affirmed. *See* Miss. R. App. P. 40(a) (allowing a defendant fourteen days to file for rehearing after a decision is handed down by the Mississippi Supreme Court or Court of Appeals). As such, his conviction became final, and the federal limitations period began to run, when the time expired for him to seek such review – November 12, 2013, fourteen days after his conviction was affirmed on October 29, 2013. *See* Miss. R.

App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Andino must have filed a "properly filed" application for post-conviction relief on or before November 12, 2014, to toll the limitations period, or his federal habeas petition would be filed too late.

Andino did not file a post-conviction motion with the Mississippi Supreme Court until December 11, 2014. Mot. to Dismiss, Ex. C. Because this motion was filed after the federal statute of limitations expired, Andino is not entitled to the benefit of any statutory tolling for the pendency of this motion.[1] Therefore, his federal habeas petition was due on or before November 12, 2014.

Andino's federal habeas petition was "filed" sometime between the date it was signed on March 12, 2015, when it was stamped filed in this Court on March 16, 2015. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is past the one-year statute of limitations imposed by the AEDPA. Therefore, federal habeas relief is available to Andino only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71. Equitable tolling is available "if the [petitioner was] actively misled by the

---

[1] Even if the Court were to toll the limitations period for the fifty-four days during the pendency of Andino's post-conviction motion, his federal habeas petition would still be untimely. In such a case, his petition would have been due in this Court on or before January 5, 2014 (November 12, 2014 plus 54 days).

defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

A prisoner's illiteracy or ignorance of the law does not justify equitable tolling. *Felder*, 204 F.3d at 172-73; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Therefore, this Court determines that MDOC's failure to provide Andino access to a translator, or to provide him with forms written in the Spanish language, does not warrant equitable tolling. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002) ("An inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling.); *Mendoza v. Minnesota*, No. 03-2486, 100 F. App'x 587, 588 (8th Cir.2004) (lack of fluency in English does not constitute an extraordinary circumstance that justifies equitable tolling); *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (holding lack of proficiency in English is not extraordinary circumstance warranting equitable tolling); *see also United States v. Morfin*, No. 3:06CV2301M and 3:03CR434M, 2007 WL 837276, at *3 (N.D. Tex. March 20, 2007) (collecting cases). Accordingly, equitable tolling is not warranted in this case, and the instant petition will be dismissed as untimely.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because Petitioner's petition for writ of habeas corpus was rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be **DENIED**.

**SO ORDERED** this the 10th day of July, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**